## STATE OF CONNECTICUT *v.* HIPOLITO MARTINEZ (7498)

NORCOTT, LANDAU and CRETELLA, Js.

Submitted on briefs November 7, 1990—decision released May 28, 1991

*Stephen V. Moran,* assistant public defender, for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *John C. Smriga,* assistant state's attorney, for the appellee (state).

LANDAU, J. The state charged the defendant, Hipolito Martinez, with the crimes of murder in violation of General Statutes § 53a-54a (a)[1] and carrying a pistol on his

---

[1] General Statutes § 53a-54a provides: "(a) A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person or causes a suicide by force, duress or deception; except that in any prosecution under this subsection, it shall be an affirmative defense that the defendant committed the proscribed act or acts under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be, provided nothing contained in this subsection shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime.

"(b) Evidence that the defendant suffered from a mental disease, mental defect or other mental abnormality is admissible, in a prosecution under subsection (a), on the question of whether the defendant acted with intent to cause the death of another person.

"(c) Murder is punishable as a class A felony in accordance with subdivision (2) of section 53a-35a unless it is a capital felony."

person without a permit in violation of General Statutes §§ 29-35 and 29-37 (b). At trial, the defendant raised the affirmative defense of extreme emotional disturbance. A jury convicted the defendant of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (1),[2] and carrying a pistol on his person without a permit. On appeal, the defendant challenges the court's jury instruction regarding circumstantial evidence.

The jury reasonably could have found the following facts. Two weeks before the victim's death, the defendant, the victim's former boyfriend, had seen the victim dancing with another man. The night before the victim's death, the defendant was seen throwing rocks at her window. The defendant also had been seen lingering in the vicinity of the victim's apartment for two days prior to the incident. Late one night, the defendant, holding a gun in his hand, accosted the victim at the door of her apartment. The defendant dragged the victim from the doorway across the street and struck her in the face. He then shot the victim and fled. Approximately one and one-half hours later, while in his car, the defendant was stopped by a police officer and said to him, "I'm the party. You've got me. I'm

---

[2] General Statutes § 53a-55 provides: "(a) A person is guilty of manslaughter in the first degree when: (1) With intent to cause serious physical injury to another person, he causes the death of such person or of a third person; or (2) with intent to cause the death of another person, he causes the death of such person or of a third person under circumstances which do not constitute murder because he committed the proscribed act or acts under the influence of extreme emotional disturbance, as provided in subsection (a) of section 53a-54a, except that the fact that homicide was committed under the influence of extreme emotional disturbance constitutes a mitigating circumstance reducing murder to manslaughter in the first degree and need not be proved in any prosecution initiated under this subsection; or (3) under circumstances evincing an extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person.

"(b) Manslaughter in the first degree is a class B felony."

the one you want." The police found a handgun on the floor wedged near the door in the front of the defendant's car. A bullet found next to the victim was determined to have been fired from the same handgun. The defendant confessed in writing to having shot and killed the victim. In addition, he did not have a state or local permit for a handgun.

At trial, the defendant presented evidence to establish that he was suffering from an extreme emotional disturbance. Witnesses testified as to his sleeping, eating and drinking habits, his moodiness, and his extreme nervousness. The jury found the defendant not guilty of murder. He was not, however, found guilty, of manslaughter in the first degree with intent to cause death under the influence of an extreme emotional disturbance under § 53a-55 (a) (2), but was found guilty of manslaughter in the first degree with intent to cause serious physical injury to another person resulting in that person's death under § 53a-55 (a) (1).

On appeal, the defendant claims that the trial court improperly instructed the jury on circumstantial evidence. He specifically claims that the court's instruction required that any inferences that were drawn by the jury on the defendant's behalf had to have been proved beyond a reasonable doubt. He further claims that the jury was misled, and was thereby prevented from making reasonable inferences on the defendant's behalf. In essence, the defendant is seeking one jury instruction on circumstantial evidence for the state, and a separate jury instruction for any circumstantial evidence that he offers.

Our Supreme Court in *State* v. *Ortiz,* 217 Conn. 648, 588 A.2d 127 (1991), recently addressed the issue of separate jury instructions on circumstantial evidence. Viewing the charge as a whole, the court concluded that separate instructions were not warranted. Id., 666–67.

In *Ortiz,* the defendant challenged the court's instruction on circumstantial evidence given as part of the general charge on the state's burden of proof. Id., 665. The defendant in that case also raised the affirmative defense of extreme emotional disturbance, and claimed that the court's failure to give a separate circumstantial evidence instruction regarding this evidence misled the jury "to apply the 'beyond a reasonable doubt' standard to the facts inferable from the evidence." Id., 669. The Supreme Court, in holding that the court's omission of a separate instruction "could not possibly have misled the jury"; id., 670; noted that the instruction regarding circumstantial evidence was part of the general charge and that the court had separately instructed the jury on the defendant's affirmative defense. Id., 669–70.

In this case, the defendant objects to the following portion of the jury charge: "Therefore, in deciding whether to draw an inference you must look at and consider all of the facts in the light of reason and common sense and experience. After you have done that, it is for you to decide whether to draw a particular inference. The inference you draw must be a reasonable and logical one and not the result of speculation and conjecture. Also, secondly, you must be satisfied that the fact to be inferred has been proved beyond a reasonable doubt. After you have done that it is for you to decide whether to draw a particular inference."

The charge at issue is similar to the disputed charge in *Ortiz.* Id., 665. That portion of the charge to which the defendant objects was given as part of the court's charge on direct and circumstantial evidence. The court correctly instructed the jury on circumstantial evidence and the inferences that properly could be drawn from such evidence. Our review of the record also indicates that the court's separate instruction on the defendant's affirmative defense was thorough and proper and

accurately discussed that the defendant's burden of proof existed only on this issue, and that his burden of proof by a preponderance of the evidence was a lesser burden than that borne by the state.

We, therefore, conclude that the jury could not have been misled by the court's instruction regarding inferences and circumstantial evidence.

The judgment is affirmed.

In this opinion the other judges concurred.